UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 19 2012

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CR. NO. 12CR 578 |
| | § | |
| THU LOAN DINH | § | |
| VAN LONG TRAN | § | |
| THANG VAN DOAN | § | |
| QUY NGOC NGUYEN | § | |
| YEN THI DO | § | |
| ANH QUANG NGUYEN | § | |
| HONG NHUT DANG | § | |
| LONG NGUYEN | § | |
| LONG DO | § | |
| THIET VAN NGUYEN | § | |
| THI NGO | § | |
| VINH CONG LE | § | |
| TAM NGUYEN | § | |
| TIMMY DANG | § | |
| HUU TRONG VU | § | |
| IDA PHAM | § | |
| HUNG HUY NGUYEN | § | |
| TRUONG LAM | § | |
| GIOI THE NGUYEN | § | |
| KHAC HUNG DINH | § | |
| TAI TAN NGUYEN | § | |
| TRANG THI KIM TRUONG | § | |
| TIEN VAN NGUYEN | § | |
| DINH HUU LE | § | |
| HEIN LE | § | |
| JOHNNY NG | § | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT**

### COUNT ONE
*[21 U.S.C. 846 - Conspiracy to Possess With Intent to Distribute a Controlled Substance]*

From in or about October 2011, up to and including August 2012, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

**THU LOAN DINH
VAN LONG TRAN
THANG VAN DOAN
QUY NGOC NGUYEN
YEN THI DO
ANH QUANG NGUYEN
HONG NHUT DANG
LONG NGUYEN
LONG DO
THIET VAN NGUYEN
THI NGO
VINH CONG LE
TAM NGUYEN
TIMMY DANG
HUU TRONG VU
IDA PHAM
HUNG HUY NGUYEN
TRUONG LAM
GIOI THE NGUYEN
KHAC HUNG DINH
TAI TAN NGUYEN
TRANG THI KIM TRUONG
TIEN VAN NGUYEN
DINH HUU LE
HEIN LE
JOHNNY NG**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense

-2-

defined in Title 21, United States Code, § 841, namely, to possess with intent to distribute a controlled substance. The overall scope of the conspiracy involved one thousand (1000) or more marijuana plants, a Schedule I Controlled Substance.

In violation of Title 21, United States Code, §§ 846 and 841(a)(1), 841(b)(1)(A)(vii).

## COUNT TWO
### [21 U.S.C. 846 - Conspiracy - Maintaining a Place of Manufacturing]

From in or about October 2011, up to and including August 2012, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

> THU LOAN DINH
> VAN LONG TRAN
> THANG VAN DOAN
> QUY NGOC NGUYEN
> YEN THI DO
> ANH QUANG NGUYEN
> HONG NHUT DANG
> LONG NGUYEN
> LONG DO
> THIET VAN NGUYEN
> THI NGO
> VINH CONG LE
> TAM NGUYEN
> TIMMY DANG
> HUU TRONG VU
> IDA PHAM
> HUNG HUY NGUYEN
> TRUONG LAM
> GIOI THE NGUYEN
> KHAC HUNG DINH
> TAI TAN NGUYEN
> TRANG THI KIM TRUONG
> TIEN VAN NGUYEN

**DINH HUU LE**
**HEIN LE**
**JOHNNY NG**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense defined in Title 21, United States Code, § 856, namely maintaining a place for the purposes of manufacturing, distributing and using controlled substances. The overall scope of the conspiracy involved one thousand (1000) or more marijuana plants, a Schedule I Controlled Substance.

In violation of Title 21, United States Code, §§ 846 and 856(a)(1).

## NOTICE OF CRIMINAL FORFEITURE
*[21 United States Code, Section 853]*

Pursuant to Title 21, United States Code, Section 853(a)(1) and (2), as a result of the commission of any of the offenses charged in Count One and Two in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, notice is given to the defendants:

**THU LOAN DINH**
**VAN LONG TRAN**
**THANG VAN DOAN**
**QUY NGOC NGUYEN**
**YEN THI DO**
**ANH QUANG NGUYEN**
**HONG NHUT DANG**
**LONG NGUYEN**
**LONG DO**

**THIET VAN NGUYEN**
**THI NGO**
**VINH CONG LE**
**TAM NGUYEN**
**TIMMY DANG**
**HUU TRONG VU**
**IDA PHAM**
**HUNG HUY NGUYEN**
**TRUONG LAM**
**GIOI THE NGUYEN**
**KHAC HUNG DINH**
**TAI TAN NGUYEN**
**TRANG THI KIM TRUONG**
**TIEN VAN NGUYEN**
**DINH HUU LE**
**HEIN LE**
**JOHNNY NG**

that in the event of conviction the following property shall be forfeited to the United States of America-

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any such violation; and

(2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violation,

The property subject to forfeiture includes, but is not limited to the following property:

a) 2003 Acura, Texas Plate BP2G370, VIN 2HNYD18623H545245, seized on or about August 21, 2012.

b) 2003 Dodge Caravan, Texas Plate BL6V815, VIN 1D4GP24393B251217, seized from defendant **Yen Thi DO** on or about August 21, 2012.

c) 2007 Toyota Sienna, Texas Plate DG9H992, VIN JTHBF5C24A5115222, seized from defendant **Van Long TRAN** on or about August 21, 2012, and registered to defendant **Nhan D. PHAM**.

d) 2010 Lexus IS250, Texas Plate BN2V300, VIN 5TDZK23C27SO14136, seized from **Thu Loan Dinh** on or about

August 21, 2012,

e) 2001 Honda Odyssey, Texas Plate DG2M199,
VIN 2HKRL18641H608461, seized from **Thi NGO** on or about
August 21, 2012

f) 2003 jChrysler Town and Country, Texas Plate BZ1B610,
Vin 2C4GP44393R310857, seized from **Anh Quang NGUYEN** on or
about August 21, 2012.

g) 1999 Toyota Sienna, Texas Plate BL2T673,
VIN 4T3ZF13C9XU148705, seized from **Hong DANG** on or about
August 21, 2012.

h) Assorted lights, nutrients, electrical equipment, and other assorted
equipment related to hydroponic from the business location of Green
Earth Supply managed by defendant **Ida PHAM**.

I) Assorted lights, nutrients, electrical equipment and other assorted
equipment related to hydroponic cultivation seized by a warehouse unit
leased by **Truong LAM** on or about August 21, 2012.

j) Approximately $53,980.00 in U.S. Currency seized from defendant
**Van Long TRAN** on or about August 21, 2012.

k) Approximately $16,509.00 in U.S. Currency seized from defendant
**Thu Loan DINH** and **Van Long TRAN** on or about August 21, 2012.

l) Approximately $31,298.00 in U.S. Currency seized from defendants
**Thang Van DOAN, Long DO, Long NGUYEN** and **Tam NGUYEN** on or
about August 21, 2012.

m) Approximately $5,000.00 in U.S. Currency seized from defendant
**Hong Nhut DANG** on or about August 21, 2012.

n) Approximately $6,383.00 in U.S. Currency seized from defendants
**Ida PHAM** and **Hung Huy NGUYEN** on or about August 21, 2012.

o) Approximately $5,600.00 in U.S. Currency seized from defendant
**Huu Trong VU** on or about August 21, 2012.

p) Approximately $2,646.00 in U.S. Currency seized from defendant
**Khac Hung DING** on or about August 21, 2012.

q) Approximately $1,700.00 in U.S. Currency seized from defendant
**Tai Tan NGUYEN** on or about August 21, 2012.

-7-

r) Approximately $12,900.00 in U.S. Currency seized from defendant **Trang Thi Kim TRUONG** on or about August 21, 2012.

s) Approximately $8,335.00 in U.S. Currency seized from defendant **Anh Quang NGUYEN** on or about August 21, 2012.

t) Approximately $5,000.00 in U.S. Currency seized from defendant **Hong Nhut DANG** on or about August 21, 2012.

u) Approximately $3,044.00 in U.S. Currency seized from defendants **Huu Trong VU** and Timmy DANG on or about August 21, 2012.

v) Approximately $2,450.00 in U.S. Currency seized from defendants **Thi NGO** and **Thiet Van NGUYEN** on or about August 21, 2012.

w) Approximately $5,240 in U.S. Currency seized in Missouri City, TX, on or about August 21, 2012.

x) At least $25,000,000.00 in U.S. Currency, estimated gross proceeds.

## MONEY JUDGEMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the value of the property subject to forfeiture estimated at $25,000,000.00, for which the defendants may be jointly and severally liable.

## SUBSTITUTE ASSETS

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

    (1)    cannot be located upon exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JESSE RODRIGUEZ
Assistant United States Attorney